DOCKET NO. 901

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE FIRST CAPITAL HOLDINGS CORPORATION FINANCIAL PRODUCTS SECURITIES LITIGATION*

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of ten actions pending in five districts as follows:

| District | Actions |
|---|---|
| Southern District of New York | 5 actions |
| Central District of California | 2 actions |
| Northern District of California | 1 action |
| Eastern District of New York | 1 action |
| Southern District of Ohio | 1 action |

Plaintiff in the Northern District of California action moves the Panel, pursuant to 28 U.S.C. §1407, for an order centralizing her action and four of the Southern District of New York actions in the Central District of California for coordinated or consolidated pretrial proceedings.[1] Certain defendants have cross-moved for centralization of all ten actions in the Central District of California.[2] Finally, plaintiff in the *Solla* potential tag-along action not

---

*Judge Pollack recused himself and took no part in the decision of this matter. Judge Merhige also took no part in the decision of this matter.

[1] Movant initially favored selection of the Northern District of California as transferee forum but subsequently amended her position to support selection of the Central California district.

[2] In addition to the actions before the Panel, various parties have identified several additional actions as potential tag-along actions. The plaintiff in one of these actions, *Robert Solla v. Robert Weingarten, et. al.*, S.D.California, C.A. No. 91 1293 (S)(BTM), attempted to file an additional cross-motion for centralization of his action and six of the MDL-901 actions in the Southern District of California, but this request was filed too late for inclusion in the MDL-901 hearing held on Sept. 27, 1991. In light of the Panel's disposition in this docket, these actions not now formally before the Panel will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

subject to the motion or cross-motion has been permitted, pursuant to Panel Rule 16(c), R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988), to brief and argue his request that certain of the actions in this docket be centralized in the Southern District of California (*see* note 2, *supra*).

On the basis of the papers filed and the hearing held, the Panel finds that the ten actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions stem from the collapse of First Capital Holdings Corp. (First Capital), a financial services and insurance holding company. The types of plaintiffs in the ten actions vary—individuals who purchased insurance/investment products issued by First Capital subsidiaries, independent insurance agents who sold such products, stockholders of First Capital, and stockholders of the company which, through its subsidiary, was First Capital's largest holder. Notwithstanding this variation and the presence of some additional legal theories unique to an individual action or actions, all actions are federal securities fraud actions involving injuries based on the same underlying events—the insolvency of First Capital and its subsidiaries allegedly caused by over-investment in so-called junk bonds, and alleged misrepresentations or omissions concerning First Capital's financial condition. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

While either of the two adjoining suggested transferee districts could be considered an appropriate transferee forum for this litigation, we are persuaded that the Central District of California is the preferable forum. In selecting this forum, we note that: 1) First Capital is headquartered in that district, and its bankruptcy proceedings and the conservatorship of its principal insurance company subsidiary are occurring there—thus many relevant witnesses and documents will likely be found there; and 2) it is the consensus choice of almost all responding plaintiffs and defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable John G. Davies for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

*FOR THE PANEL:*

_____
John F. Nangle
Chairman

# Schedule A

## MDL-901 -- In re First Capital Holdings Corporation Financial Products Securities Litigation

### Northern District of California

Dorothy L. Swain, etc. v. Shearson Lehman Brothers, Inc., et al., C.A. No. C91-1709-RHS

### Central District of California

Chris Larkin, et al. v. First Capital Holdings Corp., et al., C.A. No. CV91-1583-RMT

Peter N. Zachary v. American Express Co., et al., C.A. No. CV-91-2733-RMT

### Eastern District of New York

William Steiner v. American Express Co., et al., C.A. No. 91 Civ 1768

### Southern District of New York

Hani Feldstein v. American Express Co., et al., C.A. No. 91 Civ 3846

Jay R. Peshkin, et al. v. Shearson Lehman Brothers, Inc., et al., C.A. No. 91 Civ 4129

Arthur Drucker v. Shearson Lehman Brothers, Inc., et al., C.A. No. 91 Civ 4275

Tom Smith, DDS v. Shearson Lehman Brothers, Inc., et al., C.A. No. 91 Civ 4428

Sydney Morse v. Robert Weingarten, et al., C.A. No. 91 Civ 3893

### Southern District of Ohio

Manfred Benndorf v. American Express Co., et al., C.A. No. C-1-91-443